BOWDITCH MUTUAL FIRE INSURANCE COMPANY *vs.* JAMES M, BUFFUM.

No exception lies to a ruling of the presiding judge, that the evidence introduced by the plaintiff will not support the action, if by a special verdict, afterwards taken at the plaintiff's request, the jury find against him a fact essential to his case.

On the trial of an action brought by a mutual fire insurance company to recover assessments on a policy of insurance alleged to have been assigned by the assured to the defendant, the judge refused to instruct the jury, as requested by the plaintiffs, that if the defendant admitted the lawful assignment of the policy to him, that admission was sufficient for the jury to find such assignment upon, if they believed it; and instructed them that it was a circumstance which they might consider in connection with the other facts in the case. The judge also refused to instruct the jury to find for the plaintiffs, if the alleged assignor and assignee understood that the policy had been assigned; and instructed them that they must find a bargain between those parties. *Held*, that the plaintiffs had no ground of exception.

ACTION OF CONTRACT to recover assessments upon a policy of insurance, alleged in the declaration to have been issued by the plaintiffs to James G. Phelps, and to have been assigned, with the plaintiffs' consent, to the defendant.

At the trial in the court of common pleas, before *Briggs*, J. Augustus Story, the president and treasurer of the plaintiffs, testified that the policy was issued to Phelps, payable in case of loss to William Sutton, who held a mortgage on the property insured, and who signed the policy note with Phelps; that the defendant came to the plaintiffs' office, and stated that the interest of Phelps had been conveyed to Sutton, who had given the defendant a bond for a deed of the property insured, and that Sutton had given the defendant the policy to bring to the office, and have it made good to the defendant; and that Story agreed to continue the policy for a limited term for the benefit of the defendant, who agreed to pay the assessments that might be laid on it during the time; and told the defendant that he should ordinarily require the signature of Phelps assigning to Sutton and of Sutton to him, but that he proposed to make the policy valid to him then, and told him that he might feel safe that he was insured, and that he could take the policy from the office at any time to get their signatures to the assignment indorsed

thereon; and that the policy had remained in the office ever since. Upon this evidence, the judge ruled that the plaintiffs could not maintain their action, and ordered a verdict for the defendant.

The judge, at the request of the plaintiffs, directed the jury to find a special verdict on the two points, whether there was any evidence of any contract between Phelps and Sutton, or of a contract between Sutton and the defendant.

" The plaintiffs requested the court to instruct the jury, that if the defendant admitted that the property in the policy had become his, with the assent of the other persons interested in it, that admission was sufficient in law in this case for the jury to find such transfer upon, if in their judgment it proved it. But the court refused thus to instruct the jury; but instructed them that it was a circumstance in the case which they might consider in connection with the other facts in the case.

" The plaintiff further requested the court to instruct the jury that if the parties themselves (Sutton and Buffum) understood that the property in the policy had passed from Sutton to Buffum, and was in Buffum, although there was no proof of a formal transfer, then the jury should find for the plaintiffs. The court refused so to instruct the jury; but instructed them that they must find a bargain between Sutton and Buffum."

The jury found that there was no evidence of any contract between Phelps and Sutton, nor of any contract between Sutton and the defendant. The plaintiffs alleged exceptions.

*W. C. Endicott,* for the plaintiffs.

*J. B. Peabody,* for the defendant.

BIGELOW, J.    The plaintiffs seek to recover of the defendants the amount of certain assessments on a policy of insurance originally issued to Phelps, and alleged to have been transferred by assignment to the defendant. As an essential and primary element in the case, it was necessary to show an assignment of the policy by Phelps to the defendant. The original insurance was on the interest of Phelps in the property insured; the defendant was sought to be charged as standing in the right of Phelps, and was liable, if at all, for assessments due to the com-

pany under and by virtue of the original contract of insurance, the obligations of which, as assignee, he is alleged to have assumed. He could not, upon the case stated in the declaration, be charged upon a contract of insurance originally made by the plaintiffs with him.

This being the relation of the parties, as appears by the pleadings and the evidence at the trial, the question is whether the rulings and instructions given to the jury were correct. If the case had gone no further than the ruling of the judge in the first instance, that, upon the evidence adduced by the plaintiffs, they could not maintain their action, there would have been some plausible ground for exception; but a special verdict having been taken at their request, and found against them, upon facts essential to the maintenance of their action, under instructions to which we can see no valid objection, they cannot now avail themselves of any error which may have existed in the original ruling of the court. The verdict of the jury has rendered that ruling wholly immaterial.

The first instruction asked for, though not adopted in the same form of words used by the plaintiffs' counsel, was in substance given, unless the plaintiffs intended to ask the court to instruct the jury to render a verdict on the admission of the defendant alone, without reference to the other facts in the case material to the issue, which would have been clearly erroneous.

The remaining instruction asked for by the plaintiffs was properly refused, because it was ambiguous in its terms, and calculated to mislead the jury. The real issue, as made up and presented by the plaintiffs' counsel was, whether Sutton and Buffum had entered into a contract, by which the former had agreed to transfer his interest in the policy to the latter; and it was put in precise and accurate language by the court in their instructions. To ask, that the jury should be directed to inquire whether Sutton and Buffum understood that the property in the policy was transferred, was either precisely equivalent to the instruction given by the court, though in a less intelligible form, or it was wholly immaterial; and in either case the refusal to give it was right. *Exceptions overruled.*